Howard A. Zeller, J.
This is a proceeding brought pursuant to OPLE article 78. Petitioner, John H. Owen, as Public Defender for Otsego County, seeks a judgment declaring unauthorized and illegal his assignment to represent an indigent respondent in four child protective proceedings under article 10 of the Family Court Act. The assignment was made by Honorable Joseph A. Mogavero, Jr., as Family Court Judge in Otsego County, respondent herein, who claims the assignment was authorized by legislation.
A determination of the dispute in this proceeding necessitates a review of sections of the County Law and of the Family Court Act.
In 1961 the Legislature authorized counties to create the office of Public Defender. (County Law, § 716.) By 1965 his duties were defined as representing ‘ ‘ each indigent defendant who is charged with a crime as defined in section seven hundred twenty-two-a of the county law.” (County Law, § 717.) Section 722-a defines “ crime ” as “ a felony, misdemeanor, or the breach of any law of this state or of any law, local law or ordinance of a political subdivision of this state, other than one that defines a ‘ traffic infraction, ’ for which a sentence of imprisonment is authorized upon conviction thereof.”
*853 Article 18-B of the County Law became effective December 1, 1965. Section 722 of this article requires the governing body of each county to adopt a plan for providing counsel to persons charged with crime who are financially unable to obtain counsel and mandates conformance to one of the following plans: 1. Representation by a public defender; 2. Representation by counsel furnished by a private legal aid society operating within the county; 3. Representation ¡by counsel furnished pursuant to a plan of the bar association of the .county; 4. Representation according to a plan containing a combination of any of the foregoing.
The Board of Representatives of Otsego County adopted the Public Defender plan and it is the only plan in effect in Otsego County pursuant to section 722 of article 18-B of the County Law.
As originally enacted in 196-2 the Family Court Act provided that in certain proceedings the court was required to advise respondents of the right to be represented by counsel and of the right to an adjournment to send for counsél. Such rights were accorded respondents in proceedings to terminate parental rights (Family Ct. Act, § 621), in family offense proceedings (Family Ct. Act, § 831), and in child protective proceedings (Family Ct. Act, § 1043). However, in Matter of Ella B. (30 N Y 2d 352 [June 8, 1972]), the Court of Appeals held that in addition to these rights an indigent parent, charged with child neglect, has the constitutional due process, right to be represented by assigned counsel before the Family Court.
Thereafter, the Legislature enacted chapter -615 of the Laws of 1973. It amended sections 621, 831, and 1043 of the Family Court Act to require the Family -Court not only to advise a respondent of the rights to be represented by counsel and to an •adjournment to send for counsel but additionally of the “ right to have counsel assigned by the court in any case where he is financially unable to obtain the same ’ ’. Also, it added to sections 621, 831, and 1043 of the Family -Court Act the following sentence, “ Such assignment by the court shall be made as provided in article eighteen-b of1 the county law ”.
By the same chapter 615 of the Laws of 1973 the Legislature also amended .subdivision 4 of section 722 of the County Law to read, insofar as here pertinent, as follow's: ‘ ‘ Any judge, justice or magistrate in assigning counsel pursuant to section 170.10, 180.10, 210.15 and 720.30 -of the criminal procedure law * * * or in assigning counsel pursuant to the provisions of sections six hundred twenty-one, eight hwndred thirty-one, and one thousand forty-three of the family court act, shall assign counsel *854 furnished in accordance with a plan conforming to the requirements of this section; provided, however, that when the county * * * has not placed in operation any plan conforming to that prescribed in this section, the judge, justice or magistrate may assign any attorney in such county ”. (1973 addition indicated by italics.)
The 'Public Defender refers to sections 717 and 7.22-a of the County Law and avers that he may only be assigned to represent indigent defendants charged with a defined crime. The Family Court Judge claims the amendments adopted in chapter 615 of the Laws of 1973 authorize ¡him to assign the Public Defender to represent indigent respondents in enumerated Family Court proceedings.
“ In construing statutory provisions, the spirit and purpose of the statute and the objectives sought to be accomplished by the Legislature must be borne in mind.” (Matter of New York Post Corp. v. Leibowitz, 2 N Y 2d 677, 685.) Literal meanings of words are not to be adhered to or permitted to defeat the policy intended to be promoted. (People v. Ryan, 274 N. Y. 149, 152.)
The legislative intent in chapter 615 of the Laws of 1973 is clear. It requires legal representation of indigent respondents in certain Family Court proceedings and mandates such counsel be assigned from one of the plans enumerated in section 722 of article 18-B of the 'County Law, namely: 1. Representation by a public defender; 2. Representation by counsel furnished by a private legal aid society; 3. Representation by counsel furnished pursuant to a bar association plan; 4. Representation according to a plan containing any combination of 1, 2 and 3. As noted, the only plan in Otsego County is the Public Defender plan. Hence, the Family Court Judge is authorized to. assign the Public Defender to represent indigent respondents in the enumerated Family Court proceedings. The duties of the Public Defender as defined in section 717 of the County Law were enlarged ,by the Legislature in chapter 615 of the Laws of 1973 although section 717 was not specifically amended by chapter 615.
The Public Defender asserts there might be a conflict of interest between him and the County Attorney if they were to appear on opposite sides of a Family Court proceeding. Both are appointed by the County Board of Representatives which fixes the .salary of each. These facts alone do not create a conflict of interests. When they appear in Family Court proceedings they act independently and are performing duties prescribed by law. The District Attorney is also a salaried officer of the *855 county, albeit he is elected rather than appointed. There is no conflict of interest when a Public Defender represents a defendant being prosecuted by a District Attorney.
The Public Defender claims assignments to enumerated Family Court proceedings will increase the burdens of his office and require his services without compensation. These are matters not germane to the authority of the Family Court Judge to utilize his services as mandated by legislation under the only “ plan ” in existence in Otsego County.
This proceeding should be dismissed upon the merits.