In the Matter of JOHN H. OWEN, as Public Defender for Otsego County, New York, Appellant, v. JOSEPH A. MOGAVERO, as Family Court Judge for the County of Otsego, New York, Respondent.— Appeal from a judgment of the Supreme Court at Special Term, entered May 7, 1974 in Otsego County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to procure an order declaring unauthorized the assignment of petitioner in certain Family Court proceedings. In 1973 the New York State Legislature amended certain provisions of the Family Court Act to provide for the assignment of counsel to indigents in cases of child neglect, family offenses and child abuse (L. 1973, ch. 615, eff. July 1, 1973; see *Matter of Ella B.*, 30 N Y 2d 352). Among other items, those amendments provided that such assignments were to be made by the court "as provided in article eighteen-b of the county law." (L. 1973, ch. 615, §§ 1, 2, 3.) As it then existed, that article dealt with the legal representation of those "persons charged with a crime" who were financially unable to obtain counsel and mandated that local governing bodies devise a plan to supply such indigents with counsel (County Law, § 722). Additionally, the plan so adopted was required to conform to one of three acceptable schemes of representation, or a combination thereof, with one of the permissible methods being a public defender system as delineated in article 18-A of the County Law (County Law, § 722, subd. 1). In January of 1973, prior to the foregoing legislative enactment, the Board of Representatives of Otsego County adopted a resolution creating the office of Public Defender whose express duties were to be those "as defined in Section 717 of the County Law and Acts amendatory thereof." It is to be noted that the indicated statute requires the public defender to represent "each indigent defendant *who is charged with a crime* as defined in section seven hundred twenty-two-a of the county law" (County Law, § 717). Section 722-a of the County Law, in turn, defines a "crime" in such a manner as to exclude the types of Family Court proceedings addressed by the 1973 legislation. Therefore, a literal reading of the applicable statutes, even as amended, would not require the Otsego Public Defender to represent indigents in Family Court proceedings. However, article 18-B of the County Law was partially amended in 1973 to require courts making assignments in these new situations to do so in conformity with the plan adopted by the locality (County Law, § 722, subd. 4, as amd. by L. 1973, ch. 615). While the undeniable legislative *intent* must have been to permit a locality to select the type of plan it desired

to utilize in order to accommodate the new classes of matters for which legal representation would be thereafter required (see *Matter of New York Post Corp.* v. *Leibowitz,* 2 N Y 2d 677, 685), we cannot conclude, at this juncture, that Otsego County has made such a selection. It would be unrealistic to assume that the prior resolution of the board of representatives, in creating petitioner's office, intended that the duties thereof would include the representation of individuals in certain Family Court matters. In this regard it should also be noted that the Legislature made no amendments to sections 717 or 722-a of the County Law. Accordingly, respondent lacked the power and authority to appoint the Otsego County Public Defender to represent indigents in Family Court proceedings. Until the board of representatives enlarges the duties of the Public Defender to encompass such situations or adopts some different plan in further conformity with section 722 of the County Law, assignments to fulfill these situations must be made by the Family Court in accord with subdivision 4 of that section by appointing any attorney within the county. Judgment reversed, on the law and the facts, and petition granted, without costs. Herlihy, P. J., Sweeney, Kane, Main and Reynolds, JJ., concur. [77 Misc 2d 851.]